UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-01758 AG (JDEx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | QUY TRUONG V. GARDEN SQUARE PARKING ASSOCIATION | | |

Present: The Honorable ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This case concerns the accessibility of handicapped parking spaces at a shopping center that Plaintiff Quy Truong visited in September of 2017. (Dkt. 17-1, Undisputed Material Fact ("UMF") No. 7.) Truong suffers from spina bifida and has been "paralyzed [his] entire life." (Dkt. 18, ¶2.) He is unable to voluntarily move his legs and uses a specially modified wheelchair for mobility. (*Id.*) He can only safely park in spaces that have access aisles and low-grade slopes, among other necessary accommodations. (*Id.*, ¶¶ 2, 5.)

In September 2017, Truong visited a restaurant located within a shopping center at 9754 Garden Grove Boulevard in Garden Grove, California. He "was unable to locate a properly configured accessible parking space . . . that would accommodate [his] disabilities." (*Id.* ¶ 4.) Specifically, Truong declares that the following barriers existed at the time of his visit, making it "not only dangerous but difficult" for him to access the restaurant: (1) access aisles with built-up curb ramps that were excessively sloped; and (2) faded and unclear markings around parking. (*Id.*, ¶¶ 4, 5.)

Truong's account is supported by his own declaration and by a Disabled Access Compliance Report and declaration by Afshan Afshar, a certified accessibility specialist. (Dkt. 19.) Afshar inspected the shopping center parking lot (the "Lot") on April 18, 2018 and noted that it had at least twenty-seven accessibility issues, including sloped access aisles and signage deficiencies. (Dkt. 19-1, at 1, 3-6.) Afshar concluded that the Lot did not comply with certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01758 AG (JDEx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | QUY TRUONG V. GARDEN SQUARE PARKING ASSOCIATION | | |

ADA and California Billing Code guidelines. (Dkt. 19, at ¶ 2; Dkt. 19-1.)

In October 2017, Truong filed this lawsuit against Garden Square Parking Association ("GSPA"), alleging violations of the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*) and the Unruh Civil Rights Act (Cal. Civ. Code § 51 *et seq.*). GSPA filed an answer on December 20, 2017. (Dkt. 14.) Truong now moves for summary judgment on both claims.

After the hearing on August 24, 2018, the Court requested supplemental briefing on the issue of Defendant's ownership of the Lot. Now satisfied that Defendant owns the Lot and that Truong has proved each element of the Ninth Circuit's three-factor test, the Court GRANTS Truong's Motion for Summary Judgment. *See Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

## 1. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The central inquiry is whether the evidence creates "sufficient disagreement to require submission to a jury," or is "so one-sided" that one party "must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). At this stage, the Court must view the facts and draw all reasonable inferences "in the light most favorable" to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does so, the burden shifts to the opposing party to establish facts showing that a genuine issue of disputed fact remains. *Id.* at 324.

"To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01758 AG (JDEx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | QUY TRUONG V. GARDEN SQUARE PARKING ASSOCIATION | | |

*Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). These same elements apply to Truong's Unruh Act claim because "[a] violation of the right of any individual under the Americans with Disabilities (Public Law 101-336) shall also constitute a violation of [the Unruh Act]." Cal. Civ.Code § 51(f).

## 2. PRELIMINARY MATTERS

Truong requests that the Court take judicial notice of the grant deed recorded on January 24, 1992. (Dkt. 20.) Courts may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The grant deed is a public record, and GSPA does not challenge its authenticity. *See, e.g., Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1058 (C.D. Cal. 2008). Judicial notice of the grant deed is appropriate here.

Truong also submits printed pages of two public websites (the Orange County Treasurer Tax Collector's website and the California Multiple Listing Service's website). The documents are attached as exhibits to the Declaration of Pamela Tsao. (Dkt. 30.) GSPA's objections are boilerplate, and GSPA doesn't dispute the actual validity of the documents or suggest that GSPA would be unable to present the documents in an admissible manner at trial. Both objections are overruled.

Finally, the documents in GSPA's Requests for Judicial Notice were all reviewed and do not affect the conclusion in this case, even where properly subject to a Request for Judicial Notice.

## 3. ANALYSIS

GSPA does not dispute that Truong is disabled within the meaning of the ADA. (Dkt. 21-1 at 2.) So the first prong of the *Goddard* test has been established.

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01758 AG (JDEx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | QUY TRUONG V. GARDEN SQUARE PARKING ASSOCIATION | | |

Nor does GSPA dispute (or even address) Truong's evidence that the shopping center is a place of public accommodation; that Truong visited a restaurant in the shopping center on September 17, 2017; that the parking spaces adjoining the shopping center are excessively sloped and improperly marked; or that Truong was unable to locate a parking space that would accommodate his disabilities on the day that he visited. (*Id.* at 3-5.) GSPA briefly addresses Truong's standing. But Truong's complaint, declaration, and deposition testimony show that he lives and works near the property and intends to return if it's made accessible. *See, e.g.,* Truong Deposition (Dkt. 23-1) at 18:17-24; *see also* Compl. (Dkt. 1) at ¶ 12. So Truong has standing. *See, e.g.*, *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008) (injury established for standing purposes where ADA plaintiff showed intent to return to general area).

GSPA hardly engages with the merits of Truong's Motion. Instead, GSPA states that "Truong sued the wrong defendant," as it does not own the property involved in this dispute. (Dkt. 21 at 3.) Whether Truong has satisfied the second and third prongs of the *Goddard* test therefore turns on whether GSPA is the entity that "owns, leases, or operates" the Lot. There is a threshold issue in this case regarding the boundaries and ownership of the physical space at issue. Plaintiff describes the unaccommodating property (which he calls the "Property") as 9754 Garden Grove Boulevard, Garden Grove California. (Dkt. 1, ¶ 1; Dkt. 17 at 7.) But it is clear from the Complaint, Motion for Summary Judgment, and Declaration of Afshan Afshar that the "Property" referred to by Truong is meant to include the adjoining Lot. Indeed, Truong's central allegation is that the Lot lacks ADA-compliant parking spaces. (Dkt. 1, ¶ 10; Dkt. 17 at 7-8.)

To support his assertion that GSPA owns the Lot, Truong initially submitted a publicly recorded grant deed, dated January 16, 1992. (Dkt. 17-1 at 3; Dkt. 20-1). It grants several parcels, labeled "A" through "G," to "Garden Square Parking Association, a California corporation," the named Defendant in this matter. Truong's Request for Judicial Notice stated that the grant deed was executed "in favor of Garden Square Parking Association . . . *for real property located at 9754 Garden Grove Blvd.*" (Dkt. 20 at 2) (emph. added). But he had made a link that was not clear from the face of the documents. The deed does not in fact name a street

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01758 AG (JDEx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | QUY TRUONG V. GARDEN SQUARE PARKING ASSOCIATION | | |

address, and Truong had not proven that the property described in the grant deed encompassed either the Lot or the building corresponding with the street address named in his Complaint.

GSPA's initial briefing did not resolve the ownership issue, either. GSPA asserted that it was not "the owner and lessor of 9754 Garden Grove Boulevard," and that "each unit in [the shopping] center are [sic] individually owned." (Dkt. 21, at 2.) To support this position, GSPA submitted a Declaration of Establishment of Restrictions, Conditions, Covenants, Reservations, Liens and Charges Affecting the Real Property, *etc.* (the "Restrictions and Covenants") (Dkt. 21-2). This document did not relieve GSPA of potential liability. The Restrictions and Covenants provides that GSPA is "the owner of a leasehold estate in and to real property . . . particularly described in Exhibit 'A' hereof," and that the other signatories are the owners, respectively, of the property described in Exhibit "B." (*Id.* at 16.) It further provides that "the property described in Exhibit 'A' hereof, or any part thereof, shall never be used for any purpose other than for pedestrian and vehicular travel or for **the parking of vehicles**." (*Id.* at 17) (emph. added). The Lot adjoining 9754 Garden Grove Blvd., and not the restaurant itself, is the focus of Truong's Complaint and Motion. *See, e.g.,* Dkt. 17 at 7; Dkt. 19, ¶ 2. On its face, the Restrictions and Covenants did not disprove GSPA's ownership of the Lot at issue in this case.

And the additional grant deeds submitted by GSPA suffered from the same lack of clarity as the one submitted by Truong – there was no way for the Court to determine from a technical description of tracts and parcels whether the real property described was the same as the Lot or restaurant at issue in this case. (Dkt. 21-3.) GSPA's description of the grant deeds as "the recorded deeds against the responsible unit owner for the allege [sic] violation" did nothing to cure this confusion.

The Court requested supplemental briefing regarding GSPA's ownership of the Lot. (Dkt. 27.) Truong's supplemental brief provides the missing link between the 1992 grant deed and the Lot in two forms: (1) a printout from the Orange County Treasurer Tax Collector's website with information and a map regarding assessor's parcel number ("APN") 098-205-17 ("Lot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-01758 AG (JDEx) | Date | October 11, 2018 |
|---|---|---|---|
| Title | QUY TRUONG V. GARDEN SQUARE PARKING ASSOCIATION | | |

17") and (2) a printout from the California Multiple Listing Service's website with information a map regarding Lot 17. (Pamela Tsao Declaration (Dkt. 30) at ¶¶ 2-3, Exs. A, B.) Both maps clearly show that Lot 17 encompasses the parking lot at issue. Truong has provided sufficient evidence of GSPA's ownership of the Lot, so the burden shifts to GSPA.

In response, GSPA has not shown any genuine dispute of material fact regarding its ownership of the Lot. Rather, it provides conclusory statements without citation to the record (*e.g.*, Dkt. 31 at 3, "[T]he actual lot which includes the parking lot is Lot 19 not 17") and resubmits materials that the Court has already found insufficient to prove or disprove ownership. (*See* Dkt. 31-1, Request for Judicial Notice). GSPA also submits a plot map with notations from Defendant's attorney. This is no more authoritative than the attorney's unsupported statements in GSPA's legal brief, and does not stand up against the clear evidence submitted by Truong. Finally, GSPA's statements that individual unit owners are responsible for maintaining the property do nothing to remove GSPA's as owner of the Lot. Tellingly, GSPA did not even disclose these unit owners, whom it now claims are the real parties in interest, in its Certificate of Interested Parties. The Court finds that GSPA's arguments regarding ownership have been designed to mislead the Court rather than to clarify the issue of ownership. As no *genuine* dispute of material fact exists, summary judgment is appropriate.

## 4. DISPOSITION

The Court GRANTS Truong's Motion for Summary Judgment. (Dkt. 16.) All pending dates are VACATED. The Court reaches this result after reviewing all the arguments made and admissible evidence presented by the parties. Any argument not specifically addressed was either unpersuasive or not necessary to reach the Court's holding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01758 AG (JDEx) | Date | October 11, 2018 |
| Title | QUY TRUONG V. GARDEN SQUARE PARKING ASSOCIATION | | |

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |