PAMELA TSAO (SBN: 266734)
ASCENSION LAW GROUP
17802 Irvine Blvd
Suite 117A
Tustin, CA 92780
Pamela.Tsao@ascensionlawgroup.com

Attorneys for Plaintiff QUY TRUONG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUY TRUONG, an individual,<br><br>       Plaintiff,<br><br>       vs.<br><br>GARDEN SQUARE PARKING ASSOCIATION, a California corporation;<br><br>       Defendants. | Case No.: 8:17-cv-01758<br><br>**PLAINTIFF QUY TRUONG'S NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING DEFENDANT-APPELLANT GARDEN SQUARE PARKING ASSOCIATION TO POST APPELLATE BOND**<br><br>**HEARING**<br>Date: September 9, 2019<br>Time: 10:00 A.M.<br>Location: 411 W 4th St #1-053, Santa Ana, CA 92701<br><br>Honorable Andrew J. Guilford *presiding* |

**PLAINTIFF QUY TRUONG'S MOTION FOR ORDER REQUIRING DEFENDANT-APPELLANT GARDEN SQUARE PARKING ASSOCIATION TO POST APPELLATE BOND**
**CASE NO.: 8:17-CV-01758**

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 9, 2019 at 10:00 a.m. or as soon thereafter as the matter may be heard, in the Santa Ana Courthouse located at 411 W 4th St, Santa Ana, CA 92701, Courtroom 10D, Plaintiff Quy Truong ("Plaintiff") will, and hereby does, move this Court for an Order Requiring Defendant-Appellant Garden Square Parking Association to Post an Appellate Bond in the amount of $60,000 pursuant to Federal Rules of Appellate Procedure Rule 7.

This motion is made on the grounds that Defendant (1) has the financial ability to post an appeal bond; (2) is unlikely to pay the judgment and Plaintiff's costs if Defendant does not prevail on its appeal; and (3) Defendant's appeal is without merit. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declarations in support of this Motion from Pamela Tsao, the pleadings and papers filed herein and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: August 12, 2019                    ASCENSION LAW GROUP, P.C.

                                          /s/ Pamela Tsao
                                          _____
                                          Pamela Tsao
                                          Attorney for Plaintiff Quy Truong

---

**1**

**PLAINTIFF QUY TRUONG'S MOTION FOR ORDER REQUIRING DEFENDANT-APPELLANT GARDEN SQUARE PARKING ASSOCIATION TO POST APPELLATE BOND**
**CASE NO.: 8:17-CV-01758**

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff-Appellee Quy Truong ("Plaintiff") hereby submits the following Memorandum of Points and Authorities in support of Plaintiff's Motion for an Order Requiring Defendant-Appellant Garden Square Parking Association ("Defendant") to post an Appeal Bond ("Motion").

## 1. INTRODUCTION

Defendant filed a meritless appeal solely to gain settlement leverage in a case it rightfully lost. Plaintiff therefore respectfully moves this Court for an Order requiring Defendant to post an appeal bond pursuant to Federal Rules of Appellate Procedure 7 in the amount of at least $60,000. This amount consists of the judgment rendered in this case as well as a conservative estimate of costs (including attorney's fees) associated with the appeal.

Federal Rules of Appellate Procedure Rule 7 dictates that an appellate bond is appropriate here because: (1) Defendant cannot demonstrate that it does not have the financial ability to post a bond; (2) the risk that Defendant will not pay Plaintiff's costs if it loses the appeal is high since Defendant has already failed and continues to refuse to pay the judgment rendered in this case; and (3) the appeal is without merit.

## 2. STATEMENT OF FACTS

### 2.1 Plaintiff Files His Complaint Against Defendant

On October 10, 2017, Plaintiff filed this instant action against Defendant in the Central District of California titled *Truong vs. Garden Square Parking Association* (Case No. 8:17-cv-01758). The Complaint asserted a cause of action under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh").

### 2.2 Plaintiff Prevails On His Motion For Summary Judgment

On July 11, 2018, Plaintiff filed his Motion for Summary Judgment or in the Alternative Partial Summary Judgment ("MSJ"). On October 11, 2018, this Court granted Plaintiff's MSJ. *See* Docket No. 35.

### 2.3 Court Awards Plaintiff Attorney's Fees But Inadvertently Omits Statutory Damages or Injunctive Relief In Judgment

On January 22, 2019, the Court granted Plaintiff's Motion for Attorney's fees based upon Plaintiff being the prevailing party on Plaintiff's Unruh and ADA claim. *See* Docket No. 47. Subsequently, on January 22, 2019, the Court "entered judgment for Plaintiff and against Defendants and award[ed] Plaintiff $38,775 in attorney's fees and $1,835 in costs." The Judgment inadvertently omitted the $4,000 in statutory damages to which Plaintiff was entitled to as the prevailing party under the Unruh. The Judgment also inadvertently omitted the injunctive relief to which Plaintiff was entitled to as the prevailing plaintiff under the ADA.

### 2.4 Defendant Files an Appeal and Makes No Efforts to Pay Judgment

On February 8, 2019 Defendant filed a Notice of Appeal. *See* (Docket No. 51). As of the date of this Motion, Defendant refuses to pay the judgment or post a supersedeas bond.

### 3. LEGAL STANDARD

Federal Rule of Appellate Procedure 7 provides in relevant part that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. As reflected in this language, the purpose of the rule is to "protect[ ] ... an appellee against the risk of nonpayment by an unsuccessful appellant." *Fleury v. Richemont N. Am., Inc.*, No. C-05-4525 EMC, 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008), *citing to Page v. A.H. Robins Co.,* 85 F.R.D. 139, 139-40 (E.D.Va.1980) ("[T]he purpose[ ] of an appeal bond is to provide an appellee security for the payment of such costs as may be awarded to him in the event that the appellant is unsuccessful in his appeal.").

2

**PLAINTIFF QUY TRUONG'S MOTION FOR ORDER REQUIRING DEFENDANT-APPELLANT GARDEN SQUARE PARKING ASSOCIATION TO POST APPELLATE BOND
CASE NO.: 8:17-CV-01758**

In determining whether a bond should be required, the Court should consider: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellee's costs if the appeal loses; and (3) the merits of the appeal. *Shames v. Hertz Corp.,* No. 07-CV-2174-MMA WMC, 2013 WL 3155019, at *1 (S.D. Cal. June 18, 2013).

## 4. LEGAL ARGUMENT

### 4.1 Defendant Has the Financial Ability to Pay

"The first factor [regarding the appellant's ability to pay] generally weighs in favor of a bond unless a party is financially unable to post a bond." *Gonzales v. City of Antioch*, No. 14-CV-04728-KAW, 2016 WL 631992, at *2 (N.D. Cal. Feb. 17, 2016). Moreover**, it is the defendant's "burden to show [it] lacks the financial ability to post a bond."** (*emphasis added*) *Redwen v. Sino Clean Energy, Inc*., No. CV 11-3936 PA (SSX), 2013 WL 12128684, at *2 (C.D. Cal. Dec. 20, 2013), *citing to Miletak v. Allstate Ins. Co.*, C 06-03778 JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012) (absence of evidence that the objector is unable to bond "weighs in favor of imposing an appeal bond"). Throughout the course of this litigation, Defendant never indicated an inability to pay the judgment in this case; only an unwillingness to pay. Indeed, during settlement discussions, Defendant continuously indicated it had the funds available to enter into a settlement, but instead chose to leverage Plaintiff's inability to "collect" in an effort to reduce settlement. *See* Declaration of Pamela Tsao In Support of Plaintiff's Motion for Order Requiring Defendant Garden Square Parking Association to Post Appellate Bond ("Tsao Decl.") ¶ 3. Therefore, this Court should grant Plaintiff's Motion and require Defendant to post a supersedeas bond of $60,000.

### 4.2 Defendant Is Unlikely to Pay

Courts consistently hold that there is substantial risk of nonpayment where a party has not paid prior awards. *Figure Eight Holdings, LLC v. Dr. Jay's, Inc.*, No. CV 10-7828 R (AJWX), 2012 WL 12893450, at *2 (C.D. Cal. June 18, 2012), *aff'd sub*

*nom. Figure Eight Holdings, LLC v. Dr. Jays, Inc.*, 534 F. App'x 670 (9th Cir. 2013), *citing to Berry*, 632 F. Supp. 2d at 307–308. Here, Defendant has not paid (and refuses to pay) the judgment entered in this action in the amount of $40,610. *See* Tsao Decl. ¶ 2. Defendant further has not obtained a stay of the judgment by posting a *supersedeas* bond pursuant to Fed. R. Civ. P. 62(d). *See Id.* Where a party has not paid a judgment or posted a *supersedeas* bond, it "raises serious concerns about their ability to do so." *Stillman v. InService Am., Inc.*, 2011 U.S. Dist. LEXIS 122693, *4 (S.D.N.Y. Oct. 24, 2011). As Defendant refuses to pay the judgment that this Court already entered in this case, this Court should find that the second factor weighs in favor of granting Plaintiff's Motion.

### 4.3   Defendant's Appeal is Without Merit

Defendant's appeal is without merit and was filed for the sole purpose of gaining settlement leverage. On numerous occasions, Defendant's counsel stated that Defendant would file an appeal if Plaintiff did not agree to accept a lower settlement amount, than what Plaintiff was entitled to under the judgment. *See* Tsao Decl. ¶ 3. Moreover, the arguments Defendant raised in its answering brief are unpersuasive.

First, Defendant's brief focuses primarily on the judgment not providing for any injunctive relief or statutory damages. *See* Tsao Decl. ¶ 4, Exhibit A. This Court, however, has already clarified that it was undoubtedly this Court's intent to grant Plaintiff injunctive relief as well as statutory damages. *See* Docket No. 89.

Second, Defendant argues that Plaintiff does not have standing to sue but makes no argument regarding why standing was not present. Instead, Defendant merely states "Appellant's Excerpts (ER) submitted concurrently with this Brief support its argument that it should have prevailed in the trial." *See* Tsao Decl. ¶ 4, Exhibit A (13:2). This is not a persuasive argument; it is not an argument at all.

The third and last argument Defendant raises is that there are triable issues of fact regarding whether Defendant owns the Property and whether Plaintiff had any

problem with the spaces in the parking lot. *Id.,* Exhibit A (pg. 15). The first issue regarding ownership was well briefed before this Court. Public records and grant deeds all conclusively establish that Defendant is the owner. As to the second issue regarding whether Truong actually experienced any difficult, Defendant argues that Truong never submitted a declaration to support his position in moving for summary judgment. This is patently untrue. *See* Docket No. 18. The Declaration of Quy Truong In Support of Plaintiff's Motion for Summary Judgment (Docket No. 18) clearly stated, amongst other things, the the access aisle caused Plaintiff difficulty because "any slight slope can, and previously has, caused me to either lose balance, or has caused my wheelchair to roll thus causing me to fall over." Moreover, Defendant never raised this argument in its Opposition to Plaintiff's MSJ and thus cannot raise it for the first time on appeal. *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) ("Generally, arguments not raised in the district court will not be considered for the first time on appeal."), *citing to Exxon Shipping Co. v. Baker,* 554 U.S. 471, 487, (2008).

As Defendant's appeal is without merit, the third factor weights in favor of this Court granting Plaintiff's Motion.

### 4.4 Amount of the Bond

This Court awarded Plaintiff a judgment in the amount of $40,610. This amount, however, does not include the statutory damages of $4,000. The total of the correct judgment thus should be no less than $44,610. In addition to the amount of the judgment, Plaintiff is also entitled to an appellate bond which includes the costs of the appeal. Costs for purposes of an appeal bond include "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." *Fleury v. Richemont N. Am., Inc.,* No. C-05-4525 EMC, 2008 WL 4680033, at *8 (N.D. Cal. Oct. 21, 2008.

5

**PLAINTIFF QUY TRUONG'S MOTION FOR ORDER REQUIRING DEFENDANT-APPELLANT GARDEN SQUARE PARKING ASSOCIATION TO POST APPELLATE BOND
CASE NO.: 8:17-CV-01758**

The Ninth Circuit has also held that "the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees." *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007).

Here, Plaintiff has thus far incurred $109.50 in preparing the transcripts for this appeal. *See* Tsao Decl. ¶ 8. In addition to these costs, Plaintiff has spent no less than 20 hours in preparing for the appeal including, drafting this motion for an appellate bond, preparing and researching the procedures for a request for indicative ruling, various meet and confers with Defendant, preparing the excerpts of records, general research regarding appellate procedure, reviewing Defendant's answering brief and various other motion practice. *Id.* at ¶ 7. Tsao anticipates that she will spend another 35 hours in drafting the reply brief, reviewing Defendant's supplemental brief, as well as preparing for and attending the hearing on Defendant's appeal. *Id.* Plaintiff currently bills at a rate of $400/hr and thus Plaintiff will likely incur no less than $22,000 in attorney's fees alone on this appeal. *Id.* at ¶ 5. The total amount in which this Court should require Defendant to post an appellate bond is thus $66,719.50 ($40,610 (Judgment) + $40,000 (statutory damages) + $109.50 (fee for designation of transcripts) + $22,000 (attorney's fees on appeal) = $66,719.50.

Plaintiff, however, is only requesting that this Court order Defendant to post a $60,000 appeal bond to ensure that if Defendant does not prevail Plaintiff can recover the costs to which he is entitled.

## 5.   CONCLUSION

This Court should grant Plaintiff's Motion as all three factors pursuant to Federal Rules of Civil Procedure Rule 7 weigh in favor of requiring Defendant to post a bond.

DATED: August 12, 2019                                    ASCENSION LAW GROUP, PC

/s/ Pamela Tsao
Pamela Tsao
Attorney for Plaintiff Quy Truong